242

THE PEOPLE OF PUERTO RICO, ETC., Plaintiff and Appellant-
Appellee, *v.* HEIRS OF CELESTINA QUIÑONES, Defendants
and Appellees–Appellants.

No. 10061.   Argued January 9, 1950.—Decided April 25, 1950.

*Vicente Géigel Polanco, Attorney General, Carlos J. Faure* and
*Jaime J. Saldaña, Assistant Attorneys General,* for plaintiff
and appellant-appellee.   *Antonio J. Matta* for defendants and
appellees-appellants.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

On December 4, 1947 The People of Puerto Rico instituted a condemnation proceeding in order to acquire a parcel of land of 2,947.79 square meters situated in the town of Ceiba and owned by the heirs of Celestina Quiñones.

The plaintiff deposited as just compensation for the land the sum of $1,573.90 which included the amount of $100 at which it appraised a sugar cane plantation existing thereon. At the hearing the lower court admitted evidence from both parties and subsequently made an inspection. In view of the evidence introduced and of the inspection, it awarded the defendant the sum of $2,373.50 for the land and $100 for the plantation. For appraisement purposes it divided the parcels into two sections. The front portion having an area of 75 meters in Santa Rosa Street, by 12 meters in depth, that is, 900 square meters, at the rate of $1.50 per meter, and the remainder, that is, the rear portion of the aforesaid section, at the rate of 50 cents per meter.

Both parties appealed. The plaintiff assigns as errors: (a) that in making its findings the lower court considered evidence which had not been admitted; (b) in admitting evidence of sales of lots of 300 square meters made by the defendant heirs in 1943 and 1944 because those were remote sales, and the lots sold were of a lesser area than the condemned parcel; and (c) in dividing the parcel as it did in order to determine its value.

On the other hand the heirs assign the following errors: (1) the failure to admit in evidence the tax receipts of 1945–46 and 1946–47 corresponding to the main property, in order to prove the tendency of the value of real estate to go up; (2) the failure to admit in evidence an option contract between an adjacent landowner and another person; and (3) that the judgment is not sustained by the evidence.

In its analysis of the evidence in order to make its findings, the court stated the following:

"However, in view of all the evidence, and agreeing in the conclusion reached by the expert Villares with respect to the fact that due to the low region on which the parcel stands, to the distance from the business district of the town and from business cities, to the kind of houses built in the neighborhood, to the lack of sidewalks, etc., because we found as much during the inspection made, we think that the value fixed per square meter in a certain part of the parcel is too low.

"We must consider that in 1943 and 1944 the defendant sold in good faith to purchasers in good faith at $2.50 per square meter from the front portion abutting on Santa Rosa Street. The evidence as a whole discloses that at that time there was an extraordinary demand for lots and dwellings in the town of Ceiba due to military construction works in Ensenada. In spite of this particular fact the defendant sold only two lots at $2.50 per square meter and even then he was not paid in cash, for Pedro Cruz left $200 unpaid out of the $300 which was the price of the lot and Máximo Feliciano $400 out of the $600 which his lot was worth. These considerations lead us to the unavoidable conclusion that if even in spite of the demand for lots at that time when money ran so freely in Ceiba, Lauro Rivera was able to sell only two lots and this on credit, now, at present, when the works available at that time no longer exist, when the activity of innumerable persons who worked in that area has ceased, and when money no longer flows as abundantly as it used to, said demand has diminished, and consequently, the value per square meter has considerably decreased.

"After an examination of the evidence as a whole, we are of the opinion that the value per square meter of the condemned parcel should be fixed in two ways, to wit:

"1. The front portion abutting on Santa Rosa Street, having seventy-five (75) meters in front and twelve (12) meters in depth, which is the measurement of the lots sold by the defendant, should be appraised and is appraised at ONE DOLLAR AND FIFTY CENTS ($1.50).

"2. The remainder, that is, the rear portion of the parcel which in the event that the entire front portion were used to construct thereon, would be rendered useless for development purposes, should be appraised and is appraised at fifty cents per meter.

"As to the value of the sugar cane plantations existing on the parcel when the plaintiff acquired it, the defendant did not show that they were worth more than what was offered, that is, the sum of ONE HUNDRED DOLLARS ($100.00)."

On examining that part of the opinion above copied, we find that the court rested its findings as to the value of the property on the testimony of the expert Luis G. Villáres. Hence, plaintiff's contention to the effect that the court based its findings on evidence which was not admitted, is untenable. As regards the second error assigned by The People it will suffice to say that we deem that the evidence of sales made in 1943 and 1944—considering that the proceeding was instituted in 1947—is not so remote that it should be excluded on that ground alone, and as to the difference in area, it is enough to repeat here what we said in *People* v. *Carmona*, 70 P.R.R. 292, 296:

"...The People argues that the evidence of sales contemporaneous with the condemnation, did not prove that the parcels sold were similar to the condemned property, inasmuch as said sales consisted of parcels of approximately 200, 400 and 1,000 square meters, whereas the condemned parcels added up to a total of about 1.90 acres. But the fact is that the difference in area between the parcels of land is not so great as to affect considerably the difference in price between them."

As to the error assigned by The People in the third place, we likewise do not think that it is reversible error, for there is no doubt that the portion of the parcel facing the street, is necessarily worth much more, for development purposes, than the lands which do not have access to said street.

Let us consider now the errors assigned by the defendant heirs. (1) Assuming without deciding that the failure to admit the tax receipts of the main property for 1945–46 and 1946–47, was error, we are of the view that, considering the evidence as a whole and its findings, the error, if committed, we repeat, did not prejudice the substantial rights of the defendants and, consequently, does not warrant

the reversal of the judgment. (2) Neither did the court err in not admitting the option contract, simply because that evidence constituted speculative evidence. *People* v. *Carmona, supra.* And lastly the third error assigned by the defendant lacks merit because the transcript of the evidence as a whole discloses that the findings of the court are sustained by the evidence.

The judgment will be affirmed.